**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECURA INSURANCE, A Mutual Company, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MVP FIRE SYSTEMS, INC., and | ) | |
| BENSENVILLE HOSPITALITY INC. | ) | |
| *Defendants.* | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, **SECURA INSURANCE, A Mutual Company** ("**Plaintiff**" or "**Secura**"), by and through its attorneys, Michael J. Duffy and Jacob C. Beaupre of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Complaint for Declaratory Judgment against Defendants.

**STATEMENT OF CASE**

1.      This action seeks a declaration that Secura owes no insurance coverage obligations under Secura policy numbers 20-CP-003293792-10 and 20-CU-003293823-10 to MVP for claims made against it in the underlying lawsuit filed by underlying counter-plaintiff Bensenville Hospitality Inc. ("**Bensenville**" or "**Counter-Plaintiff**") in the Circuit Court of DuPage County, Illinois, styled *MVP Fire Systems Inc. v. Bensenville Hospitality Inc., et al.*, Case No. 2021CH00410 ("**Underlying Lawsuit**").

1

## THE PARTIES

2.     Secura is an insurance company formed under the laws of the State of Wisconsin with its principal place of business in Wisconsin.

3.     Defendant MVP is a corporation formed under the laws of the State of Illinois with its principal place of business in Illinois.

4.     Defendant Bensenville is named herein as a nominal interested party defendant. Defendant Bensenville is a corporation formed under the laws of the State of Illinois with its principal place of business in Illinois.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under an insurance policy issued in this District and/or liability insurance claims for a lawsuit pending within the geographical boundaries of this District arising from events that allegedly took place within the geographical boundaries of this District.

## FACTS

7.     MVP filed its Verified Amended Complaint in the Underlying Lawsuit on March 22, 2022 ("**Amended Complaint**").

8.     A true and accurate copy of the Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit A**.

2

328068965v.3

9.    Bensenville filed a Verified Amended Answer, Affirmative Defenses and Counterclaim against MVP on October 6, 2022 (**"Counterclaim"**).

10.    A true and accurate copy of the Counterclaim in the Underlying Lawsuit is attached hereto as **Exhibit B**.

11.    Bensenville alleges that MVP and Bensenville signed a contract on February 8, 2021 for analysis and repairs to the dry fire suppression system at the Country Inn & Suites located in Bensenville, Illinois. **(Ex. B).**

12.    Bensenville alleges that "[MVP] had a duty to perform at or above the standard of care for technicians engaged in analysis and repair of a fire suppression system and related equipment, but breached that duty and breached its contract because it misdiagnosed the problem and caused further damage to the system by its unnecessary and improper work, and as a direct and proximate result thereof, the fire suppression system required extensive repairs and plaintiff caused additional damages in excess of $430,000.00." (Ex. B, Countercl., ¶ 2).

13.    Bensenville further alleges that MVP "deviated below the standard of care" and "breached its duty in the contract to conduct its inspection and repair in a workmanlike manner." (Ex. B, Countercl., ¶¶ 6, 14).

14.    Although Bensenville filed its Counterclaim on October 6, 2022, MVP did not give notice of the Counterclaim to Secura until February 2, 2024.

15.    The February 2, 2024 notice of the Counterclaim was Secura's first notice of any incident, claim or suit against MVP.

16.    Upon receipt of the Counterclaim, on February 15, 2024, Secura issued reservation of rights correspondence to MVP.

3

17. A true and accurate copy of the reservation of rights correspondence issued by Secura to MVP is attached hereto as **Exhibit C**.

**SECURA'S POLICIES**

18. Secura issued a Commercial Protection Policy bearing policy no. 20-CP-003293792-10 to the named insured MVP for the policy period of September 28, 2020 to September 28, 2021 (the **"Primary Policy"**).

19. A true and accurate copy of the Primary Policy is attached hereto as **Exhibit D**.

20. Subject to its terms, the Primary Policy provides limits of the Commercial General Liability coverage part are $1 million per occurrence and $2 million in the general aggregate. The limits of the Professional Errors and Omissions coverage part are both $1 million per claim and in the general aggregate.

21. Secura issued a Commercial Umbrella Policy bearing policy no. 20-CU-003293823-10 to the named insured MVP for the policy period of September 28, 2020 to September 28, 2021 (the "Umbrella Policy").

22. A true and accurate copy of the Umbrella Policy is attached hereto as **Exhibit E**.

*Commercial General Liability Coverage Part*

23. Subject to all its terms, the Commercial General Liability Coverage Part of the Primary Policy provides as follows:

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

*SECTION I – COVERAGES*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have*

4

*no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

\*\*\*

See **Ex. D**, p. 139.

24.     The Commercial General Liability Coverage Part of the Primary Policy contains the following definitions, in part:

***SECTION V – DEFINITIONS***

\*\*\*

**13.**     *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

\*\*\*

**16.**     *"Products-completed operations hazard":*
   ***a.***     *Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*
      ***(1)***     *Products that are still in your physical possession; or*
      ***(2)***     *Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*
         ***(a)***     *When all of the work called for in your contract has been completed.*
         ***(b)***     *When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*
         ***(c)***     *When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.*
      *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*
   ***b.***     *Does not include "bodily injury" or "property damage" arising out of:*
      ***(1)***     *The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;*
      ***(2)***     *The existence of tools, uninstalled equipment or abandoned or unused materials; or*
      ***(3)***     *Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.*

**17.**     *"Property damage" means:*

5

> **a.** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>
> **b.** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. For the purposes of this insurance, electronic data is not tangible property.*

***

**22.** *"Your work":*

> **a.** *Means:*
> **(1)** *Work or operations performed by you or on your behalf; and*
> **(2)** *Materials, parts or equipment furnished in connection with such work or operations.*
>
> **b.** *Includes:*
> **(1)** *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and*
> **(2)** *The providing of or failure to provide warnings or instructions.*

***

*See* **Ex. D**, Commercial General Liability Coverage Form, pp. 150-54.

25.     The Commercial General Liability Coverage Part of the Primary Policy also contains the following exclusions, which state:

**2. Exclusions**

> *This insurance does not apply to:*

***

> **j.** *Damage To Property*
> *"Property damage" to:*
> **(5)** *That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*
> **(6)** *That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*
>
> **k.** *Damage To Your Product*
> *"Property damage" to "your product" arising out of it or any part of it.*
>
> **l.** *Damage To Your Work*

6

*"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

*This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

\*\*\*

See **Ex. D**, Commercial General Liability Coverage Form, pp. 142-43.

26. The Commercial General Liability Coverage Part of the Primary Policy contains the following conditions, in part:

***SECTION IV – CONDITIONS***

\*\*\*

**2.** ***Duties In The Event Of Occurrence, Offense, Claim Or Suit***
*a.* *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:*
*(1)* *How, when and where the "occurrence" or offense took place;*
*(2)* *The names and addresses of any injured persons and witnesses; and*
*(3)* *The nature and location of any injury or damage arising out of the "occurrence" or offense.*
*b.* *If a claim is made or "suit" is brought against any insured, you must:*
*(1)* *Immediately record the specifics of the claim or "suit" and the date received; and*
*(2)* *Notify us as soon as practicable.*
*You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
*c.* *You and any other involved insured must:*
*(1)* *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*
*(2)* *Authorize us to obtain records and other information;*
*(3)* *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*
*(4)* *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*
*d.* *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

\*\*\*

See **Ex. D**, Commercial General Liability Coverage Form, pp. 148-49.

7

*The Professional Errors and Omissions Coverage Part*

27.     Subject to all its terms, the Professional Errors and Omissions Coverage Part of the

Primary Policy provides as follows:

**PROFESSIONAL ERRORS AND OMISSIONS COVERAGE**

\*\*\*

*Professional Errors And Omissions Coverage is subject to:*

1. *This coverage form;*
2. *Any additional Professional Errors And Omissions Coverage terms provided by the applicable Professional Schedule or Errors And Omissions Schedule (the Schedule); and*
3. *All other Professional Errors And Omissions Coverage terms made part of this policy.*

\*\*\*

*1. Insuring Agreement*

a. *We will pay those sums that the insured becomes legally obligated to pay as "damages" arising out of a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "claim" or "suit" seeking those "damages". However, we will have no duty to defend the insured against any "claim" or "suit" seeking "damages" for a "wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any incident and settle any "claim" or "suit" that may result. But:*

   (1) *The amount we will pay for "damages" is limited as described in SECTION III – LIMITS OF INSURANCE; and*
   (2) *OUR RIGHT AND DUTY TO DEFEND ENDS WHEN WE HAVE USED UP THE APPLICABLE LIMIT OF INSURANCE IN THE PAYMENT OF ONE OR MORE OF THE FOLLOWING:*
       (a) *JUDGMENTS OR*
       (b) *SETTLEMENTS; OR*
       (c) *"DEFENSE EXPENSES" ONLY IF DEFENSE COSTS IS SHOWN IN THE SCHEDULE AS **Included within the Limits Of Insurance**.*
   (3) *Prior to the inception date of this policy, the insured had no knowledge of:*
       (a) *The "wrongful act" or any resulting "claim" or "suit"; or*
       (b) *Any suspected "wrongful act" which would result, or could have reasonably been expected to result in a "claim" or "suit", which the insured had not reported to us in the application as required in SECTION IV – CONDITIONS, Paragraph 6. Representations.*
       *whether or not notice of any such "wrongful act", "claim" or "suit" was furnished to any other insurer; and*

8

**(4)** *A "claim" for "damages" because of the "wrongful act" is first made against any insured, in accordance with Paragraph c. below, during the policy period or any Extended Reporting Period we provide under SECTION V – EXTENDED REPORTING PERIODS.*

**c.** *A "claim" by a person or organization seeking "damages" will be deemed to have been made at the earliest of the following times:*

**(1)** *When notice of such "claim" is received and recorded by any insured or by us, whichever comes first; or*

**(2)** *When we make settlement in accordance with Paragraph a. above; or*

**(3)** *When the insured informs us with written notice of any circumstance or incident occurring during the policy period which may subsequently give rise to a "claim" as required in SECTION IV – CONDITIONS, Paragraph 2. Duties In The Event Of Wrongful Act, Claim Or Suit, Paragraph a.*

*All "claims" arising out of a "wrongful act" causing loss to the same person or organization will be deemed to have been made at the time the first of those "claims" is made against any insured.*

\*\*\*

*See* **Ex. D**, Professional Errors and Omissions Coverage Form, pp. 257-58.

28. The Professional Errors and Omissions Coverage Form of the Primary is modified

by the Contractors Errors and Omissions Liability Schedule endorsement, which provides, in part,

as follows:

### *CONTRACTORS ERRORS AND OMISSIONS LIABILITY SCHEDULE*

### *CLAIMS-MADE COVERAGE*

### *PLEASE READ THE ENTIRE FORM CAREFULLY.*

*This Schedule modifies insurance provided under the following:*
*PROFESSIONAL ERRORS AND OMISSIONS COVERAGE FORM*

*Professional Errors And Omissions Coverage is subject to:*

1. *This Schedule;*

2. *The Professional Errors And Omissions Coverage Form; and*

3. *All other Professional Errors And Omissions Coverage terms made part of this policy.*

*SECTION I – COVERAGE is amended to add the following:*

#### *Additional Exclusions*

*This Professional Errors And Omissions Coverage does not apply to any "wrongful act", "claim" or "suit" arising directly or indirectly out of or in any way related to:*

9

328068965v.3

**d. Failure to complete on time**

*Any liability arising from a delay or failure to complete a contract or project, or to complete a contract or project on time.*

***

**i. Property Damage**

*Any liability arising from "Property damage" to*

**(1)** *Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property.*

**(2)** *Property other than "your product", "your work" or "impaired property"*

**(3)** *"Your products" that are still in your physical possession*

**(4)** *"Your work" if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

***

**Additional Definitions**

***

**3.** *"Wrongful acts":*

    **a.** *Means faulty workmanship, materials or design arising from:*

        **(1)** *A negligent act, error or omission by you within means, methods, techniques, sequences and procedures employed by you in connection with your operations; or*

        **(2)** *A defect in material or in a product manufactured, sold or installed by you, while acting in your capacity as a contractor, and resulting in "property damage" to "your work", "your product", or "impaired property".*

    **b.** *Any or all "wrongful acts" arising from interrelated or a series of acts, errors or omissions shall be:*

        **(1)** *Deemed to be one "wrongful act" taking place at the time of the earliest "wrongful act"; and*

        **(2)** *Considered to have occurred only during the policy period or during any prior or subsequent policy period in which the earliest of the interrelated errors or omissions, or the earliest of a series of similar or related errors or omissions, occurred. All resulting "claims" shall be assigned to only one policy (whether issued by us or any other insurer); and if this policy applies; only one Wrongful Act Limit shall apply.*

*Interrelated means common, repeated or related set of causes, circumstances, decisions, events, facts, matters, practices, situations, statements, or transactions.*

10

328068965v.3

***

*See* **Ex. D**, Contractors Errors and Omissions Liability Schedule, pp. 253-56.

29.     The Professional Errors and Omissions Coverage Part of the Primary Policy contains the following definitions, in part:

### SECTION VI – DEFINITIONS

**4.** *"Claim" means a written demand, including a "suit" seeking "damages" in connection with a "wrongful act" to which this insurance applies.*

***

**6.** *"Damages" means a monetary:*
- **a.**     *Judgment;*
- **b.**     *Award; or*
- **c.**     *Settlement.*

   *But, "damages" shall not include:*
- **(1)**     *Criminal or civil fines or penalties imposed by law;*
- **(2)**     *Taxes;*
- **(3)**     *Matters deemed uninsurable under the law to which this policy shall be construed;*
- **(4)**     *Sanctions, penalties, punitive or exemplary damages or the multiple portion of any "damages" award;*
- **(5)**     *Equitable relief, injunctive relief, declarative relief or any other relief or recovery other than money; or*
- **(6)**     *The purchase or contract price for "your product" or "your work".*

**7.** *"Defense expenses":*
- **a.**     *Means:*
  - **(1)**     *Sums we pay in the investigation, negotiation, settlement, or defense of "claims", including but not limited to:*
    - **(a)**     *All costs, fees, and expenses for attorneys, witnesses, experts, investigative services, adjusters, depositions, reported or recorded statements, summonses, service of process, legal transcripts or testimony, or copies of any public record.*
    - **(b)**     *Any other litigation costs, fees, or expenses for defending a "suit".*
    - **(c)**     *The cost of bonds to appeal a judgment or award in any "suit" we defend, but only for bond amounts within the Limits Of Insurance available. We do not have to furnish these bonds.*
- **b.**     *Does not include:*
  - **(1)**     *Salaries and expenses of our "employees" or the insured's "employees"*
  - **(2)**     *Fees and expenses of independent adjusters we hire; or*
  - **(3)**      *"Damages".*

***

11

328068965v.3

**17.** *"Property damage" means:*

    **a.** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

    **b.** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "wrongful act" that caused it.*

    *For the purposes of this insurance, "electronic data" is not tangible property.*

**18.** *"Suit" means a civil proceeding in which monetary "damages" because of a "wrongful act" to which this insurance applies are sought. "Suit" includes:*

    **a.** *An arbitration proceeding in which such "damages" are sought and to which the insured must submit or does submit with our consent; or*

    **b.** *Any other alternative dispute resolution proceeding in which such "damages" are sought and to which the insured submits with our consent.*

    **c.** *An appeal of a civil proceeding.*

\*\*\*

**20.** *"Wrongful act" definition will be shown in the Schedule.*

\*\*\*

**22.** *"Your work":*

    **a.** *Means:*

        **(1)** *Work or operations performed by you or on your behalf; and*

        **(2)** *Materials, parts or equipment furnished in connection with such work or operations.*

    **b.** *Includes:*

        **(1)** *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and*

        **(2)** *The providing of or failure to provide warnings or instructions.*

\*\*\*

*See* **Ex. D**, Professional Errors and Omissions Coverage Form, pp. 266-69.

30. The Professional Errors and Omissions Coverage Part of the Primary Policy contains the following conditions, in part:

**SECTION IV – CONDITIONS**

\*\*\*

    ***2. Duties In The Event Of Wrongful Act, Claim Or Suit***

12

328068965v.3

*a.* You must see to it that we are notified as soon as practicable of a "wrongful act" which may result in a "claim". To the extent possible, notice should include:
*(1)* How, when and where the "wrongful act" took place;
*(2)* The names and addresses of any injured persons and witnesses; and
*(3)* The nature and location of any injury or damage arising out of the "wrongful act". Notice of a "wrongful act" is not notice of a "claim".

*b.* If a "claim" is received by any insured, you must:
*(1)* Immediately record the specifics of the "claim" and the date received; and
*(2)* Notify us as soon as practicable.
You must see to it that we receive written notice of the "claim" as soon as practicable.

*c.* You and any other involved insured must:
*(1)* Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or a "suit";
*(2)* Authorize us to obtain records and other information;
*(3)* Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit"; and
*(4)* Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

*d.* No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*\*\*

See **Ex. D**, Professional Errors and Omissions Coverage Form, p. 264.

### Commercial Umbrella Policy

31. Subject to all its terms, the Commercial Liability Umbrella Coverage Part of the Umbrella Policy provides as follows:

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

\*\*\*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

*a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily*

13

*injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

\*\*\*

*See* **Ex. E**, Commercial Liability Umbrella Coverage Form, p. 11.

32.     The Commercial Liability Umbrella Coverage Part of the Umbrella Policy is modified as follows by the Contractors Endorsement:

### CONTRACTORS ENDORSEMENT

This Endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

**2. Professional Liability Exclusion Appended**

**a.** *SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions; s. Professional Services; and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2. Exclusions; (15) Professional Services are modified by adding:*

*The Professional Services exclusion will continue to apply:*

**(1)** *When any valid "underlying insurance" provides sublimit coverage for contractors errors and omissions liability; or*

**(2)** *When any Other Coverages section of the Schedule of Underlying Insurance on the Commercial Liability Umbrella Declarations does not show any valid Contractors Errors and Omissions liability coverage.*

\*\*\*

*See* **Ex. E**, Commercial Liability Umbrella Coverage Form, p. 54-55.

33.     The Commercial Liability Umbrella Coverage Part of the Umbrella Policy contains the following definitions, in part:

**SECTION V – DEFINITIONS**

\*\*\*

**13.** *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

\*\*\*

14

17. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1)    Products that are still in your physical possession; or

      (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a)    When all of the work called for in your contract has been completed.

        (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include "bodily injury" or "property damage" arising out of:

      (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

      (2) The existence of tools, uninstalled equipment or abandoned or unused materials.

18. "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

19. "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

20. "Self-insured retention" means the dollar amount listed in the Declarations that will be paid by the insured before this insurance becomes applicable only with respect to "occurrences" or offenses not covered by the "underlying insurance". The "self-insured retention" does not apply to "occurrences" or offenses which would have been covered by "underlying insurance" but for the exhaustion of applicable limits.

\*\*\*

23. "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

24. "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

\*\*\*

15

**28.** *"Your work":*
    **a.** *Means:*
        **(1)** *Work or operations performed by you or on your behalf; and*
        **(2)** *Materials, parts or equipment furnished in connection with such work or operations.*
    **b.** *Includes:*
        **(1)** *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and*
        **(2)** *The providing of or failure to provide warnings or instructions.*

***

*See* **Ex. E**, Commercial Liability Umbrella Coverage Form, pp. 25-28.

    34. The Commercial Liability Umbrella Coverage Part of the Umbrella Policy also contains the following exclusions, which state:

    **2. Exclusions**

    This insurance does not apply to:

**m.** *Damage To Property*
*"Property damage" to:*
    **(5)** *That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*
    **(6)** *That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

**n.** *Damage To Your Product*
*"Property damage" to "your product" arising out of it or any part of it.*

**o.** *Damage To Your Work*
*"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

***

*See* **Ex. E**, Commercial Liability Umbrella Coverage Form, pp. 14-15, 56.

    35. The Commercial Liability Umbrella Coverage Part of the Umbrella Policy contains the following conditions, in part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
    **3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

16

> **a.** *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*
> **(1)** *How, when and where the "occurrence" or offense took place;*
> **(2)** *The names and addresses of any injured persons and witnesses; and*
> **(3)** *The nature and location of any injury or damage arising out of the "occurrence" or offense.*
> **b.** *If a claim is made or "suit" is brought against any insured, you must:*
> **(1)** *Immediately record the specifics of the claim or "suit" and the date received; and*
> **(2)** *Notify us as soon as practicable.*
> *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*
> **c.** *You and any other involved insured must:*
> **(1)** *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*
> **(2)** *Authorize us to obtain records and other information;*
> **(3)** *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*
> **(4)** *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

***

*See* **Ex. E**, Commercial Liability Umbrella Coverage Form, pp. 22-23.

36.     **Section IV** of the Commercial Liability Umbrella Coverage Part of the Umbrella

Policy is modified as follows by **Commercial Umbrella Liability Amendatory** endorsement:

**C. *SECTION IV – CONDITION CHANGES***

**1. *DUTIES IN THE EVENT OF AN OCCURRENCE, OFFENSE, CLAIM OR SUIT CHANGES***

> *SECTION IV – CONDITIONS; 3. DUTIES IN THE EVENT OF AN OCCURRENCE, OFFENSE, CLAIM OR SUITE; paragraphs a and c. are amended by the following provision:*
>
> **a.** *Notice of Occurrence or an Offense*
>
> *The requirement in Condition 3.a. that you must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim, applies only when the "occurrence" or offense is known to:*
> **(1)** *You, if you are an individual;*
> **(2)** *A partner, if you are a partnership;*
> **(3)** *An officer of the corporation or insurance manager, if you are a corporation; or*
> **(4)** *A member or manager, if you are a limited liability company.*

17

> **b.** *Notice of claim or suit*
> *The requirement in Condition **3.b.** that you must see to it that we receive notice of a claim or "suit" as soon as practicable will not be considered breached unless the breach occurs after such claim or "suit" is known to:*
> **(1)** *You, if you are an individual;*
> **(2)** *A partner, if you are a partnership;*
> **(3)** *An officer of the corporation or insurance manager, if you are a corporation; or*
> **(4)** *A member or manager, if you are a limited liability company.*

*See* **Ex. E**, Commercial Liability Umbrella Coverage Form, pp. 51-52.

\*\*\*

**COUNT I**
**(Primary CGL Liability Coverage Part)**
**Late Notice**

37.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

38.     The Commercial General Liability Coverage Part of the Primary Policy requires, pursuant to Condition **IV.2.a.**– Duties in the Event of Occurrence, Claim or Suit, notice "as soon as practicable" of an occurrence which may result in a claim under the policy.

39.     The Commercial General Liability Coverage Part of the Primary Policy requires, pursuant to Condition **IV.2.c.**– Duties in the Event of Occurrence, Claim or Suit requires the insured to "[i]mmediately send [Secura] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"

40.     MVP failed to provide notice of the Counterclaim for sixteen months as Bensenville filed its Counterclaim on October 6, 2022 and MVP did not give notice of the Counterclaim to Secura until February 2, 2024.

41.     MVP's notice was unreasonably delayed and thus forfeits any coverage otherwise available under the Commercial General Liability Coverage Part of the Primary Policy.

18

328068965v.3

**WHEREFORE**, Plaintiff Secura respectfully requests that the Court enter the following relief:

A.  A declaration finding that Secura owes no duty to defend or indemnify MVP under the Commercial General Liability Coverage Part of the Primary Policy in connection with the Counterclaim; and

B.  For all such just and equitable relief, including costs of this suit.

## COUNT II
**(Primary Professional Errors & Omissions Coverage Part)**
**Late Notice**

42.  Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

43.  The Professional Errors and Omissions Coverage Part of the Primary Policy requires, pursuant to Condition **IV.2.a.**– Duties in the Event of Wrongful Act, Claim or Suit, notice "as soon as practicable" of a wrongful act which may result in a claim under the policy.

44.  The Professional Errors and Omissions Coverage Part of the Primary Policy requires, Condition **IV.2.c.**– Duties in the Event of a Wrongful Act, Claim or Suit "[MVP] and any other involved insured must: . . . [i]mmediately send [Secura] copies of any demands, notices, summonses, or legal papers received in connection with the 'claim' or a 'suit.'"

45.  MVP failed to provide notice of the Counterclaim for sixteen months as Bensenville filed its Counterclaim on October 6, 2022 and MVP did not give notice of the Counterclaim to Secura until February 2, 2024.

46.  MVP's notice was unreasonably delayed and thus forfeits any coverage otherwise available under the Professional Errors and Omissions of the Primary Policy and under Illinois law.

19

**WHEREFORE**, Plaintiff Secura respectfully requests that the Court enter the following relief:

A.      A declaration finding that Secura owes no duty to defend or indemnify MVP under the Professional Errors and Omissions Coverage Part of the Primary Policy in connection with the Counterclaim; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT III**
**(Umbrella Coverage Part)**
**Late Notice**

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

48.     The Commercial Liability Umbrella Coverage Part of the Umbrella Policy requires, pursuant to Condition **IV.3.a.**– Duties in the Event of Occurrence, Claim or Suit, notice "as soon as practicable" of an occurrence which may result in a claim under the policy.

49.     The Commercial Liability Umbrella Coverage Part of the Primary Policy requires, pursuant to Condition **IV.3.c.**– Duties in the Event of Occurrence, Claim or Suit requires the

50.     insured to "[i]mmediately send [Secura] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"

51.     MVP failed to provide notice of the Counterclaim for sixteen months as Bensenville filed its Counterclaim on October 6, 2022 and MVP did not give notice of the Counterclaim to Secura until February 2, 2024.

52.     MVP's notice was unreasonably delayed and thus any coverage otherwise available under the Commercial Liability Umbrella Coverage Part of the Umbrella Policy is forfeited.

**WHEREFORE**, Plaintiff Secura respectfully requests that the Court enter the following relief:

20

A.    A declaration finding that Secura owes no duty to defend or indemnify MVP under the Commercial Liability Umbrella Coverage Part of the Umbrella Policy in connection with the Counterclaim; and

B.    For all such just and equitable relief, including costs of this suit.

**COUNT IV**
**(Primary CGL Coverage Part)**
**No Allegations of "Property Damage"**

53. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

54. The Commercial General Liability Coverage Part of the Primary Policy provides that in part Secura "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage'" to which the Primary Policy applies.

55. The Commercial General Liability Coverage Part of the Primary Policy defines "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property."

56. The Counterclaim does not contain allegations of "property damage" as defined by the Commercial General Liability Coverage Part of the Primary Policy.

57. Thus, Secura does not owe any coverage obligations for damages because of "property damage" to in connection with the Counterclaim under the Commercial General Liability Coverage Part of the Primary Policy.

    **WHEREFORE**, Plaintiff Secura respectfully requests that the Court enter the following relief:

328068965v.3

A.      A declaration finding that Secura owes no duty to defend or indemnify MVP under the Commercial General Liability Coverage Part of the Primary Policy in connection with the Counterclaim; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT V
### (Primary CGL Coverage Part)
### Business Risk Exclusions

58.      Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

59.      To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **j.(5)** bars coverage for that "particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations."

60.      To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **j.(6)** bars coverage for  that "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

61.      To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **k.** bars coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it."

62.      To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **l.** bars coverage for "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

63.      The allegations in the Counterclaim arise out of defective work and seek damages for repair and replacement of defective work, these exclusions will bar coverage for MVP.

22

328068965v.3

64.     Therefore, coverage is excluded for MVP in connection with the Counterclaim under the Commercial General Liability Coverage Part of the Primary Policy.

**WHEREFORE**, Plaintiff Secura respectfully requests that the Court enter the following relief:

A.      A declaration finding that Secura owes no duty to defend or indemnify MVP under the Commercial General Liability Coverage Part of the Primary Policy in connection with the Counterclaim; and

B.      For all such just and equitable relief, including costs of this suit.

**Count VI**
**(Umbrella Coverage Part)**
**Business Risk Exclusions**

65.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

66.     To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **m.(5)** bars coverage for that "particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations.

67.     To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **m.(6)** bars coverage for  that "particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it.

68.     To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **n.** bars coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it."

23

69.     To the extent that the Counterclaim's allegations constitute "property damage," Exclusion **o.** bars coverage for "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products completed operations hazard.'"

70.     The allegations in the Counterclaim arise out of defective work and seek damages for repair and replacement of defective work, these exclusions will bar coverage for MVP.

71.     Therefore, coverage is excluded for MVP in connection with the Counterclaim under the Commercial Liability Umbrella Coverage Part of the Umbrella Policy.

**WHEREFORE**, Plaintiff Secura respectfully requests that the Court enter the following relief:

A.     A declaration finding that Secura owes no duty to defend or indemnify MVP under the Commercial Liability Umbrella Coverage Part of the Umbrella Policy in connection with the Counterclaim; and

B.     For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker, LLP

*/s/ Michael J. Duffy*

Michael J. Duffy – 619666
Jacob C. Beaupre
Wilson Elser Moskowitz Edelman & Dicker, LLP
161 North Clark Street-Suite 4500
Chicago, IL 60601
(312) 704-0550 (Main)
Michael.duffy@wilsonelser.com
Jacob.beaupre@wilsonelser.com

328068965v.3